*798 OPINION.
Mordock :
The pertinent part of the Revenue Act of 1921, reads as follows:
Sec. 234. (a) That in computing the net income of a corporation subject to the tas imposed by section 230 there shall be allowed as deductions:
* * * # * * *
(6) Debts ascertained to be worthless and charged off within the taxable year (or in the discretion of the Commissioner, a reasonable addition to a reserve for bad debts) ; and when satisfied that a debt is recoverable only in part, the Commissioner may allow such debt to be charged off in part.
A deduction under this section may represent a reasonable addition to a reserve for bad debts or it may represent debts ascertained to be worthless and charged off within the taxable year. It may not represent both. Appeal of Transatlantic Clock & Watch Co., 3 B. T. A. 1064.
If the question before this Board is to determine the reasonableness of an addition to a reserve, or if it is to determine whether a debt is recoverable only in part, we are not to be bound in our decision by the conclusions and opinions of others on the very question before us. Facts, not conclusions alone, must be presented to us so that we can form an independent opinion on the question. See Avery v. Commissioner, 22 Fed. (2d) 6, and Appeal of Alemite Die Casting & Manufacturing Co., 1 B. T. A. 548.
The facts proven in this case, relating to the reasonableness of an addition to a reserve, give such meagre information or are so vague as to time and as to likelihood or certainty of ultimate loss, that we can form from them no intelligent opinion of what would be a reasonable addition to a reserve for bad debts.
The man who was president and cashier of the petitioner testified that in arriving at the amounts making up the total of $46,834.20, the items were considered separately and the amount was determined which probably would be lost on each. In this way the conclusion w as reached that the amount set up would be impossible of collection.
We have found all of the facts which, in our opinion, were proven by the evidence. We are unable to find what information the officers of the petitioner had at the end of the year 1921 as to the assets of these debtors or as to whether the notes would or would not be paid. The facts then in existence to justify the opinion of these officers are not before us. We can not even say that their opinion was justified by the subsequent events because as to those events our information is *799 so vague and uncertain that we can not tell whether loss has resulted or ever will result. From the consideration of all of the evidence we can not say that the petitioner was entitled to any deduction under section 234(a) (5) in excess of that allowed by the Commissioner.

Judgment will he entered for the respondent.